IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

_____

NATIONWIDE MUTUAL INSURANCE COMPANY                              PLAINTIFF

V.                                                               3:07CV100-M-A

JESSE OLVERA
BENITO CAMACHO
DIEGO OROSCO
FRANCISCO VALAZAR
ALEJANDRO AMADOUR
ENRIQE MORENO
REYNA LEAL, wife of Enrique Moreno,
ESTATE OF LINO MORENO,
SHELBY COUNTY REGIONAL MEDICAL CENTER CORP.
d/b/a REGIONAL MEDICAL CENTER AT MEMPHIS
BAPTIST MEMORIAL HOSPITAL NORTH MISSISSIPPI, INC.
UT MEDICAL GROUP, INC.
RADIOLOGY ASSOCIATES OF OXFORD, P.A.                             DEFENDANTS
_____

**ORDER**

This matter comes before the court upon the motion [38] of defendant Shelby County Health Care Corporation d/b/a Regional Medical Center's ("the Med") seeking dismissal for lack of personal jurisdiction.

This action arises from a November 26, 2006 one-car wreck in Marshall County, MS. That wreck involved seven individuals. Nationwide Mutual Insurance Company ("Nationwide") insured the vehicle involved in the accident. They determined that the collective damages of the seven passengers plus the four healthcare providers (including the Med) who subsequently treated those passengers will exceed the monetary limits of the insurance policy. As such Nationwide asked this court to accept the policy's monetary limit and equitably divide the proceeds of the policy among the parties.

Most commonly personal jurisdiction in diversity cases requires a two part inquiry finding jurisdiction only where "(1) the nonresident defendant is amenable to service of process under the law of the forum state; and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment." *Stuart v. Spademan*, 772 F.2d 1185, 1189 (5th Cir. 1985). The Med argues that it does not come within the Mississippi long-arm statute nor does it have the required minimum contacts with Mississippi for personal jurisdiction to exist.

This statutory interpleader action was brought pursuant to 28 U.S.C. §§ 1335, 1337, and 2361. Section 2361 has been read by the Supreme Court to provide nationwide service of process. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 529 (1967). This reading, as discussed below, changes the nature of personal jurisdiction determinations.

First the Med argues that it is not subject to service under the Mississippi long-arm statute. The Fifth Circuit has held that long-arm statutes only apply when there is no ederal statute that provides for "more expansive personal jurisdiction." *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001). Read together 28 U.S.C. §§ 1335 and 2361 contemplate more expansive personal jurisdiction. Under the Federal Interpleader Statute, any party within the United States may be served and brought within the jurisdiction of a district court. Federal Rule of Civil Procedure 4(k)(1) states that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute." Section 2361 authorizes nationwide service of process allowing for more expansive personal jurisdiction than the Mississippi long-arm statute. Thus, the long-arm statute is inapplicable in establishing personal jurisdiction over the Med.

The Med next argues that it does not have the required minimum contacts with

Mississippi for personal jurisdiction to lie in this district. However, the Fifth Circuit has held that in actions providing for nationwide service of process, the defendant needs only to have minimum contacts with the United States to satisfy due process. *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th 1994).

The Med argues *Busch* is not applicable because (1) the constitutional requirements associated with personal jurisdiction are not met under the reasoning of *Busch*; and (2) *Busch* and its progeny deal only with federal question jurisdiction. It is true that the Fifth Circuit has expressed concerns over the doctrine laid out in *Busch* and its relation to the Due Process clause. *See Bellaire General Hospital v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 826 (5th Cir.1996). However, the principle therein remains the law and this court is bound to follow it. *Id.* The Med, according to its own filings, operates a major medical center in Memphis, TN. Therefore, it clearly has minimum contacts with the United States. Thus under *Busch's* nationwide service analysis, personal jurisdiction is proper.

Finally, the Med argues that *Busch* is distinguished from the instant matter because it applies only to cases falling under the embrace of federal question jurisdiction. They cite no authority for this proposition. Neither *Busch* nor any of the cases that follow it make this distinction. Statutory interpleader actions fit within neither the bounds of 28 U.S.C. § 1331 (federal question jurisdiction) nor 28 U.S.C. § 1332 (diversity jurisdiction), but instead are the subject of their own jurisdictional statute, 28 U.S.C. § 1335. *Busch* states its personal jurisdiction analysis is applicable where a suit is "based upon a federal statute providing for nationwide service of process." 11 F.3d at 1258. Sections 1335 and 2361 are federal statutes. They allow for nationwide service of process. Therefore *Busch* is applicable. Thus establishing personal jurisdiction over a defendant requires only a showing of minimum contacts with the

United States.

Based on the above reasoning, the Med's motion to dismiss for want of personal jurisdiction is DENIED.

This the 22nd day of July, 2008

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**